UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

---

ROBERT KIDD,

        *Plaintiff,*

v.

KENTUCKY STATE POLICE TROOPER
HAYDEN KILBOURNE,

        *Defendant.*

No.

*JURY TRIAL DEMANDED*

---

## COMPLAINT

Plaintiff, Robert Kidd, for his Complaint against Defendant, Kentucky State Police Trooper Hayden Kilbourne, in his individual capacity, hereby state as follows:

### NATURE OF THE CASE

1. This case is about Trooper Kilbourne assaulting Robert Kidd. Kilbourne unnecessarily tased Kidd and then, while Kidd lay on the ground defenseless, beat Kidd with a baton. The assault left Kidd with seven stiches in his upper lip, bruising across his face and body, and broken teeth. This beating was malicious, sadistic, and without justification.

### JURISDICTION AND VENUE

2. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

3. This action is brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, the Kentucky Revised Statutes, Kentucky common law, and Federal common law. This Court has jurisdiction over Plaintiff's federal claims

1

pursuant 28 U.S.C. §§ 1331 and 1343(a). This Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Carroll County, Kentucky, and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

5.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

6.    Plaintiff, Robert Kidd, is currently a resident of Carroll County, Kentucky.

7.    Defendant, Hayden Kilbourne, is and was at all relevant times a resident of Laurel County, Kentucky, and was a Kentucky State Police Trooper at the time of the events alleged herein. Trooper Kilbourne is sued in his individual capacity.

## STATEMENT OF FACTS

8.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

9.    On July 28, 2023, Robert Kidd, while being pursued by Trooper Kilbourne on foot, stopped and put his hands in the air.

10.    Trooper Kilbourne—after Kidd had stopped and raised his hands— unnecessarily shot Kidd in the back with a taser.

11.    After being tased, Kidd fell to the ground and rolled over onto his back.

12.    Trooper Kilbourne then stood over Kidd and began beating Kidd with a baton.

13.     Upon stopping and raising his hands, Kidd presented no threat to himself, the officers on scene, or anyone else, and there was no justifiable or legitimate reason to tase or beat Kidd with a baton.

14.     As a result of Trooper Kilbourne's assault, Kidd suffered a broken front tooth, lacerations, contusions, and swelling on his head, face, arms, and body. Due to the baton strikes to his face, Kidd received approximately six or seven stiches to his upper lip. Because of the beating, Kidd suffered, and continues to suffer, severe emotional trauma and mental anguish.

15.     At the time of the beating, Trooper Kilbourn was on duty as a Kentucky State Police Trooper and performing duties within the scope of his employment.

16.     Trooper Kilbourne's assault on Kidd was recorded on the body worn cameras of the officers at the scene.

## KIDD'S CAUSES OF ACTION

### CAUSE OF ACTION NO. 1
### Section 1983 Excessive Force Against Trooper Kilbourne

17.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

18.     At all relevant times, the conduct of Trooper Kilbourne was within the purview of 42 U.S.C. § 1983.

19.     In violation of Kidd's clearly established Fourth Amendment rights, Trooper Kilbourne used unreasonable and excessive force against Kidd on July 28, 2023, when, without provocation and without a legitimate justification, he tased and beat Kidd.

20.     Trooper Kilbourne's excessive force was a direct and proximate cause of Kidd's injuries and claimed damages herein.

21. Trooper Kilbourne's actions on July 28, 2023 were performed under the color of state law and violated Kidd's clearly established Fourth Amendment rights.

22. Trooper Kilbourne knew he was violating Kidd's clearly established Fourth Amendment rights as he was doing so.

23. Trooper Kilbourne's conduct was willful and exhibited flagrant disregard for Kidd's federally secured rights under the United States Constitution. Accordingly, Trooper Kilbourne is liable to Kidd under 42 U.S.C. § 1983.

24. At all relevant times, Trooper Kilbourne acted with evil motive or intent, or at minimum, with a reckless or callous indifference to the federally protected rights of Kidd, such that punitive damages are warranted.

**CAUSE OF ACTION NO. 2**
**Violation of KRS § 431.025 Against Trooper Kilbourne**

25. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

26. Trooper Kilbourne had a statutory duty to refrain from using unnecessary force or violence in arresting Kidd.

27. Trooper Kilbourne used unnecessary force and violence in arresting Kidd.

28. KRS § 431.025 was enacted to prevent the type of conduct Trooper Kilbourne engaged in on July 28, 2023.

29. KRS § 431.025 was enacted to protect Kidd, and those similarly situated, from the type of harm he incurred as a result of Trooper Kilbourne's misconduct.

30. Trooper Kilbourne was negligent per se, as he violated KRS § 431.025.

31. Trooper Kilbourne's violation of KRS § 431.025 was a direct and proximate cause of Kidd's injuries and claimed damages herein.

32.     At all relevant times, Trooper Kilbourne acted with oppressive, malicious, and fraudulent behavior and willfully, or at minimum wantonly, disregarded the life, health, and/or rights of Kidd, such that punitive damages are warranted.

## CAUSE OF ACTION NO. 3
### Battery Against Trooper Kilbourne

33.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

34.     As described above, Trooper Kilbourne unlawfully touched Kidd without consent.

35.     That touching was made in a harmful, offensive, and unlawful manner that resulted in direct harm to Kidd.

36.     Trooper Kilbourne's conduct constitutes a battery.

37.     Trooper Kilbourne's unlawful touching of Kidd was a direct and proximate cause of Kidd's injuries and claimed damages herein.

38.     At all relevant times, Trooper Kilbourne acted with oppressive, malicious, and fraudulent behavior and willfully, or at minimum wantonly, disregarded the life, health, and/or rights of Kidd, such that punitive damages are warranted.

## CAUSE OF ACTION NO. 4
### Assault Against Deputy Kilbourne

39.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

40.     As described above, Trooper Kilbourne unlawfully directed force toward Kidd on July 28, 2023.

41.     Due to the unlawful direction of force Trooper Kilbourne used, Kidd had a well-founded fear of immediate peril.

42.    Trooper Kilbourne's unlawful direction of force toward Kidd was a direct and proximate cause of Kidd's injuries and claimed damages herein.

43.    At all relevant times, Trooper Kilbourne acted with oppressive, malicious, and fraudulent behavior and willfully, or at minimum wantonly, disregarded the life, health, and/or rights of Kidd, such that punitive damages are warranted.

**WHEREFORE**, Plaintiff, Robert Kidd, respectfully demands the following:

A.    Judgment against Defendant for a reasonable sum to compensate Plaintiff for his injuries and damages caused by Defendant's conduct, including past and future pain and suffering, past and future mental anguish and emotional suffering, permanent disfigurement, embarrassment and humiliation, and all other damages recoverable by law;

B.    Trial by jury;

C.    Attorney's fees, costs, pre-judgment interest, and post-judgment interest, pursuant to 42 U.S.C. § 1988;

D.    Punitive damages, as permitted by law; and

E.    Any and all additional relief which Plaintiff appears entitled.

Respectfully Submitted,

*/s/ James Russell*
James Russell
Michael Smith
RUSSELL SMITH, PLLC
611 W. Main St.
Suite 202
Louisville, KY 40202
(502) 874-4444
jrussell@russellsmithattorneys.com
msmith@russellsmithattorneys.com
*Counsel for Plaintiff*