UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

|  |  |
|---|---|
| ROBERT KIDD,<br><br>      *Plaintiff,*<br><br>v.<br><br>KENTUCKY STATE POLICE TROOPER<br>HAYDEN KILBOURNE,<br><br>   **Serve:**   **c/o Scott Miller**<br>         **333 West Vine Street**<br>         **Suite 1500**<br>         **Lexington, KY 40507**<br><br>And<br><br>KENTUCKY STATE POLICE TROOPER<br>JAKE NOEL<br><br>   **Serve:**   **Jake Noel**<br>         **392 E Cross Main St.**<br>         **New Castle, KY 40050**<br><br><br>      *Defendants.* | No. 3:23-cv-00067-GFVT-EBA<br><br>*JURY TRIAL DEMANDED* |

**FIRST AMENDED COMPLAINT**

Plaintiff, Robert Kidd, for his Complaint against Defendants, Kentucky State Trooper Hayden Kilbourne, in his individual capacity, and Kentucky State Police Trooper, Jake Noel, in his individual capacity, hereby state as follows:

**NATURE OF THE CASE**

1.      This case is about Trooper Kilbourne assaulting Robert Kidd and Trooper Noel doing nothing to try to prevent it. Kilbourne unnecessarily tased Kidd and then, while Kidd lay on the ground defenseless, savagely beat Kidd with a baton all while

1

threatening to kill Kidd. Noel stood by and watched the assault, making no attempt to intervene. The dehumanizing assault left Kidd with six or seven stiches, bruising across his face and body, and broken teeth. After it was finished, the two officers fist bumped each other celebrating their own vicious behavior. As they did so, Kidd was on the ground bleeding from his face and mouth.

## JURISDICTION AND VENUE

2.      Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

3.      This action is brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, the Kentucky Revised Statutes, and Federal and Kentucky common law. The Court has jurisdiction over Plaintiff's federal claims pursuant 28 U.S.C. §§ 1331 and 1343(a). This Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Carroll County, Kentucky, and the Defendants are subject to personal jurisdiction in this district.

## PARTIES

5.      Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

6.      Plaintiff, Robert Kidd is currently a resident of Oldham County, Kentucky.

7.      Defendant, Hayden Kilbourne, is and was all relevant times a resident of Laurel County, Kentucky, and was a Kentucky State Police Trooper at the time of the events alleged herein. Trooper Kilbourne is sued in his individual capacity.

2

8.     Defendant, Jake Noel, is and was all relevant times a resident of Henry County, Kentucky, and was a Kentucky State Police Trooper at the time of the events alleged herein. Trooper Noel is sued in his individual capacity.

**STATEMENT OF FACTS**

9.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

10.     On July 28, 2023, Robert Kidd was running from Trooper Kilbourne and Trooper Noel on foot.

11.     While chasing Kidd, Trooper Kilbourne made multiple threats towards Kidd, including threatening to kill him and telling him that he was "fucked" when Kilbourne caught him.

12.     Noel heard these threats.

13.     After a short time, Kidd  stopped running and waited to surrender to the officers.

14.     Trooper Kilbourne—after Kidd had stopped and raised his hands— unnecessarily shot Kidd in the back with a taser.

15.     After being tased, Kidd fell to the ground and rolled over to has back.

16.     Trooper Kilbourne then stood over the top of Kidd and began yelling at Kidd to give Kilbourne his hands, to which Kidd responded "They're right here."

17.     While Kidd was laying on his back with his hands raised to surrender to the troopers, Kilbourne began beating Kidd with his baton.

18.     Kilbourne struck Kidd with the baton eight times.

19.     After tasing and striking Kidd multiple times with his baton, Kilbourne again threatened to kill Kidd.

3

20. Noel, standing within a foot of Kidd and Kilbourne for the entire assault, took no action to try to intervene in Kilbourne's assault on Kidd.

21. Instead, Noel stood by with his taser drawn on Kidd and provided cover for Kilbourne while Kilbourne beat Kidd with his baton.

22. Upon stopping and raising his hands, Kidd presented no threat to himself or others, and there was no justifiable or legitimate reason to tase or beat Kidd with a baton.

23. As a result of Trooper Kilbourne's assault and Noel's failure to intervene, Kidd suffered a broken front tooth, lacerations, contusions, and swelling on his head, face, arms, and body, received approximately six or seven stiches to his upper lip, and suffered and continues to suffer severe emotional trauma and mental anguish.

24. Trooper Kilbourne's assault on Kidd was recorded on the body worn cameras of the officers at the scene.

25. Trooper Kilbourne was criminally charged with Assault, Second Degree, a Class C felony.

26. To Plaintiff's knowledge, Trooper Noel received no discipline for his involvement.

## KIDD'S CAUSES OF ACTION

### CAUSE OF ACTION NO. 1
### Section 1983 Excessive Force Against Trooper Kilbourne

27. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

28. At all relevant times, the conduct of Trooper Kilbourne was within the purview of 42 U.S.C. § 1983.

4

29. In violation of Kidd's clearly established Fourth Amendment rights, Trooper Kilbourne used unreasonable and excessive force against Kidd on July 28, 2023, when, without provocation and without a legitimate justification, he tased and beat Kidd.

30. Trooper Kilbourne's excessive force was a direct and proximate cause of Kidd's injuries and claimed damages herein.

31. Trooper Kilbourne's actions on July 28, 2023 were performed under the color of state law, and violated Kidd's clearly established Fourth Amendment rights.

32. Trooper Kilbourne knew he was violating Kidd's clearly established Fourth Amendment rights as he was doing so.

33. Trooper Kilbourne's conduct was willful and exhibited flagrant disregard for Kidd's federally secured rights under the United States Constitution. Accordingly, Trooper Kilbourne is liable to Kidd under 42 U.S.C. § 1983.

34. At all relevant times, Trooper Kilbourne acted with evil motive or intent, or at minimum, with a reckless or callous indifference to the federally protected rights of Kidd, such that punitive damages are warranted.

## CAUSE OF ACTION NO. 2
### Section 1983 Failure to Intervene Against Trooper Noel

35. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

36. At all relevant times, the conduct of Trooper Noel was within the purview of 42 U.S.C. § 1983.

37. As described above, July 28, 2023, Noel failed to intervene to prevent Trooper Kilbourne from violating the constitutional rights of Kidd when Noel failed to intervene while Kilbourne used excessive force on Kidd.

38.    Noel was aware that Kilbourne was using excessive force against Kidd in violation of Kidd's constitutional rights.

39.    Noel had the time and opportunity to attempt to intervene and to prevent Kilbourne's use of excessive force against Kidd.

40.    Noel's actions on July 28, 2023 were performed under the color of state law, and violated Kidd's Fourth Amendment rights.

41.    Noel's failure to intervene was the direct and proximate cause of the serious injuries to Kidd.

42.    Noel's conduct was willful and exhibited flagrant disregard for Kidd's federally secured rights under the United States Constitution. Accordingly, Noel is liable to Kidd under 42 U.S.C. § 1983.

43.    At all relevant times, Noel acted with evil motive or intent, or at minimum, with a reckless or callous indifference to the federally protected rights of Kidd, such that punitive damages are warranted.

## CAUSE OF ACTION NO. 3
### Violation of KRS § 431.025 Against Trooper Kilbourne

1.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

2.    Trooper Kilbourne had a statutory duty to refrain from using unnecessary force or violence in arresting Kidd.

3.    Trooper Kilbourne used unnecessary force and violence in arresting Kidd.

4.    KRS § 431.025 was enacted to prevent the type of conduct Trooper Kilbourne engaged in on July 28, 2023.

5.    KRS § 431.025 was enacted to protect Kidd, and those similarly situated, from the type of harm she incurred as a result of Trooper Kilbourne.

6.    Trooper Kilbourne was negligent per se, as he violated KRS § 431.025.

7.    Trooper Kilbourne violation of KRS § 431.025 was a direct and proximate cause of Kidd's injuries and claimed damages herein.

8.    At all relevant times, Trooper Kilbourne acted with oppressive, malicious, and fraudulent behavior and willfully, or at minimum wantonly, disregarded the life, health, and/or rights of Boey, such that punitive damages are warranted.

**CAUSE OF ACTION NO. 4**
**Battery Against Trooper Kilbourne**

9.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

10.    As described above, Trooper Kilbourne unlawfully touched Kidd without consent.

11.    That touching was made in a harmful, offensive, and unlawful manner that resulted in direct harm to Kilbourne.

12.    Trooper Kilbourne's conduct constitutes a battery.

13.    Trooper Kilbourne's unlawful touching of Kidd was a direct and proximate cause of Kidd's injuries and claimed damages herein.

14.    At all relevant times, Trooper Kilbourne acted with oppressive, malicious, and fraudulent behavior and willfully, or at minimum wantonly, disregarded the life, health, and/or rights of Kidd, such that punitive damages are warranted.

**CAUSE OF ACTION NO. 5**
**Assault Against Deputy Kilbourne**

15.    Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully restated herein.

16.    As described above, Trooper Kilbourne unlawfully directed force toward Kidd on July 28, 2023.

17.    Due to the unlawful direction of force Trooper Kilbourne used, Kidd had a well-founded fear of immediate peril.

18.    Trooper Kilbourne's unlawful direction of force toward Kidd was a direct and proximate cause of Kidd's injuries and claimed damages herein.

19.    At all relevant times, Trooper Kilbourne acted with oppressive, malicious, and fraudulent behavior and willfully, or at minimum wantonly, disregarded the life, health, and/or rights of Kidd, such that punitive damages are warranted.

**WHEREFORE**, Plaintiff, Robert Kidd, respectfully demands the following:

A.    Judgment against Defendants for a reasonable sum to compensate Plaintiff for his injuries and damages caused by Defendants' conduct, including past and future pain and suffering, past and future mental anguish and emotional suffering, permanent disfigurement, embarrassment and humiliation, and all other damages recoverable by law;

B.    Trial by jury;

C.    Attorney's fees, costs, pre-judgment interest, and post-judgment interest, pursuant to 42 U.S.C. § 1988;

D.    Punitive damages, as permitted by law; and

E.    Any and all additional relief which Plaintiff appears entitled.

Respectfully Submitted,


/s/ *Michael Smith*
Michael Smith
James Russell
RUSSELL SMITH, PLLC
611 W. Main St.
Suite 202
Louisville, KY 40202
(502) 874-4444
jrussell@russellsmithattorneys.com
msmith@russellsmithattorneys.com
*Counsel for Plaintiff*